1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JEFFREY JOSEPH BRANHAM,<br><br>               Defendant. | CASE NO. 2:23-cr-00100-LK<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, CONTINUING PRETRIAL MOTIONS DEADLINE, AND GRANTING MOTION TO SEAL |

This matter comes before the Court on Defendant Jeffrey Branham's response to the Court's Order to Show Cause, Dkt. Nos. 33, 36, and his motion to seal his response, Dkt. No. 35. On February 26, 2024, the Court granted Mr. Branham's unopposed motion to continue the trial date to November 12, 2024, Dkt. No. 30, but deferred ruling on Mr. Branham's motion to continue the pretrial motions deadline and ordered him to show cause why his failure to timely file a request for continuance should not constitute a waiver of pretrial objections, Dkt. No. 33 at 3 (citing *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021)).

On March 10, 2024, Mr. Branham timely responded to the Court's order. Dkt. No. 36. He argues that the Court has discretion to reset the pretrial motions deadline "at any time," so his

motion to extend that deadline was not untimely or "subject to a showing of good cause." *Id.* at 3–4 (citing Fed. R. Crim. P. 12(b)(3)). Mr. Branham mistakes the Court's authority to continue the pretrial motions deadline "at any time" with when he must make a request to continue the deadline. Such a request cannot be made "at any time"; rather, absent good cause, the motion must be filed before the deadline set by the court. *See* Fed. R. Crim. P. 12(b)(1), 12(c)(1); LCrR 12(b)(10) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."). Indeed, as Mr. Branham observes, the Court's Standing Order for All Criminal Cases expressly requires that "[a]ll motions . . . shall be made prior to the pretrial motions deadline." Dkt. No. 8 at 2. Mr. Branham's response concedes that even though he was "optimistic that a postponement of both the trial date and due date for filing pretrial motions would not be necessary," he "should have filed the motion preemptively" before the deadline. Dkt. No. 36 at 2. Furthermore, "a failure to timely raise a pretrial objection required by Rule 12, 'absent a showing of good cause,' constitutes a waiver" of that objection. *Ghanem*, 993 F.3d at 1120 (quoting *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019)).

Nevertheless, to serve the ends of justice—and because the Government does not oppose Mr. Branham's motion—the Court declines to reach the issue of waiver here. However, the Court cautions counsel that, absent good cause, further late-filed motions to continue the pretrial motions deadline will not meet the same fate.

The Court DISCHARGES its February 26, 2024 Order to Show Cause, Dkt. No. 33, GRANTS Mr. Branham's motion, Dkt. No. 30, and CONTINUES the pretrial motions deadline to September 30, 2024.

1    The Court also GRANTS Mr. Branham's motion to seal his response to the Order to Show

2  Cause. Dkt. No. 35. Despite the public's right to access documents in criminal proceedings, Mr.

3  Branham has shown that (1) sealing the document serves a compelling privacy interest (2) that is

4  substantially likely to be harmed if the document is not sealed and (3) there are no less restrictive

5  alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022

6  WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998

7  (9th Cir. 2017)).

8    Dated this 12th day of March, 2024.

9

10   Lauren King
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DISCHARGING ORDER TO SHOW CAUSE, CONTINUING PRETRIAL MOTIONS DEADLINE, AND
GRANTING MOTION TO SEAL - 3