UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>   v.<br><br>JEFFREY JOSEPH BRANHAM,<br><br>             Defendant. | CASE NO. 2:23-cr-00100-LK<br><br>FINAL ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture, Dkt. No. 68, seeking to forfeit to the United States Defendant Jeffrey Branham's interest in the following (the "Subject Firearm"):

• One black and silver Ruger SR9C pistol, bearing serial number 336-35481, and any associated ammunition, seized on or about May 10, 2023, from Defendant Jeffrey Joseph Branham's person.[1]

---

[1] The Government is not moving for a final order of forfeiture as to the Kimber 9mm pistol, bearing serial number K001085 (the "Kimber Pistol"), which was preliminarily forfeited by Mr. Branham, Dkt. No. 53 at 1, because Richard

FINAL ORDER OF FORFEITURE - 1

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby finds that entry of a Final Order of Forfeiture is appropriate for the following reasons:

1. On December 19, 2024, the Court entered a Preliminary Order of Forfeiture finding the Subject Firearm forfeitable pursuant to 21 U.S.C. § 853(a) as property that facilitated Mr. Branham's commission of Possession of a Controlled Substance with Intent to Distribute, and pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as property that was involved in Mr. Branham's commission of Carrying a Firearm During and in Relation to a Drug Trafficking Crime. Dkt. No. 53 at 2.

2. Thereafter, the Government published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C). Dkt. No. 54. Additionally, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A) and Supplemental Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice to one potential claimant to the Subject Firearm (V.F.) and attempted to provide direct notice to one other potential claimant to the Subject Firearm (S.E.C.), but that notice was returned as undelivered. Dkt. No. 68 at 3; Dkt. No. 69 at 2.

3. The time for filing third-party claims to the Subject Firearm has expired, and none were filed. Dkt. No. 68 at 4.

Now, therefore, the Court ORDERS the following:

1. No right, title, or interest in the Subject Firearm exists in any party other than the United States;

---

Sanders has filed a third-party claim to the Kimber Pistol. Dkt. No. 68 at 1–2 (citing Dkt. Nos. 53, 65). The Government will address that firearm in subsequent filings. *Id.* at 2.

FINAL ORDER OF FORFEITURE - 2

2. The Subject Firearm is fully and finally condemned and forfeited, in its entirety, to the United States;

3. The United States Department of Justice, Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Firearm in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated this 2nd day of May, 2025.

*Lauren King*

Lauren King
United States District Judge

FINAL ORDER OF FORFEITURE - 3